IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Danielle DiMarco, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Post Consumer Brands, LLC.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Danielle DiMarco ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Post Consumer Brands, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

## NATURE OF THE ACTION

1. Defendant formulates, manufactures, advertises, and sells its "Mom's Best Cereals" branded "Honey Nut Toasty O's Cereal" and "Honey Graham Cereal" (the "Products") throughout the United States, including in New York. Defendant markets its Products in a systematically misleading manner by misrepresenting that its Products are made with "Real Honey."

2. Because Defendant's sales are driven by health-conscious consumers seeking wholesome cereal products, Defendant prominently displays on the front label of their Products that they are "Made with real honey." Unbeknownst to consumers, however, Defendant' Products are not predominately made or sweetened with "real honey." Instead, the Products'

ingredient lists, located on their side panels, list "Sugar" as the Products' primary ingredient; as well as multiple other synthetic sweetening agents: including "Brown Sugar Syrup," "Molasses," "Fructose," and "Dextrose." Defendant's most recent labeling of the Products, along with their respective ingredient panels, are depicted below:






| Honey Nut Toasty O's Cereal | Honey Grahams Cereal |
|---|---|
| Whole Grain Oat Flour, Cane Sugar, Cornstarch, Honey, Sea Salt, Trisodium Phosphate, Molasses, Natural Almond Flavor, Wheat Starch. Freshness Preserved With Vitamin E (Mixed Tocopherols). | Whole Grain Wheat, Sugar, Corn Meal, Canola Oil, Molasses, Fructose, Salt, Honey, Baking Soda, Calcium Carbonate, Soy Lecithin, Dextrose, Trisodium Phosphate, Rosemary Extract (antioxidant) |

3. As a result of its deceptive conduct, Defendant is, and continues to be, unjustly enriched at the expense of its consumers.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

5.      This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Products. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchases.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**PARTIES**

7.      Plaintiff Danielle DiMarco is a citizen of New York, who resides in Yonkers, New York. Plaintiff purchased Defendant's Products (including, but not limited to, Defendant' "Honey Nut Toasty O's Cereal") for her personal use within the applicable statute of limitations, with her most recent purchases taking place on or about August of 2023. Plaintiff DiMarco made these purchases from local grocery stores located in Yonkers, New York. Prior to making her purchases, Plaintiff DiMarco saw that the Products were labeled and marketed as being "sweetened" and "Made with Real Honey." Plaintiff DiMarco relied on Defendant's representations when she decided to purchase the Products over comparable products that did not make those claims. Plaintiff DiMarco saw Defendant's representations prior to and at the time of

her purchases and understood them as a representation and warranty that the Products were exclusively, or at least predominantly, "sweetened" with "real honey." Plaintiff DiMarco relied on these representations and warranties in deciding to purchase the Products. Accordingly, those representations and warranties were part of the basis of her bargains, in that she would not have purchased the Products on the same terms had she known that those representations were not true. In making her purchases, Plaintiff DiMarco also paid a substantial price premium due to the false and misleading "sweetened" and "Made with Real Honey" claims. Plaintiff DiMarco, however, did not receive the benefit of her bargains because the Products were not, in fact, exclusively, or at least predominantly, "sweetened" with "real honey."

8. Defendant Post Consumer Brands, LLC is a limited liability corporation organized under the laws of Delaware with its principal place of business located at: 20802 Kensington Blvd, Lakeville, Minnesota 55044. For purposes of diversity, Defendant's sole member is Post Holdings, Inc.,[1] a Missouri corporation headquartered in St. Louis, Missouri. Defendant manufacturers, packages, labels, advertises, markets, distributes and/or sells the Products in New York and throughout the United States.

<strong><u>GENERAL ALLEGATIONS</u></strong>

*Defendant's False "Made with Real Honey" Claims*

9. "Honey" is one of the oldest sweeteners known to mankind. Honey is derived naturally by "honeybees [that] collect pollen and nectar from the flowering plants that they pollinate and transport it back to the hive…with the help of enzymes provided by the worker bees, the nectar ripens into honey and can be harvested for consumption."[2]

---

[1] https://www.sec.gov/Archives/edgar/data/1530950/000153095022000375/ex21-1xsubsidiariesofphi20.htm (last accessed October 5, 2023).
[2] International Food Information Council, *What is Honey?* (Dec. 23, 2020), https://foodinsight.org/what-is-honey/ (last accessed October 5, 2023).

10.     Given its "natural" sweetener profile, honey surpassed sugar as the most used sweetener in the US in 2020.[3] In June of 2022, the United States Department of Agriculture ("USDA") reported that honey consumption in the US reached a new record high of 618 million pounds.[4] The USDA explained that, setting aside growth in population, the increase in honey consumption is tied "to consumers' association of honey as a 'superfood'— along with garlic, ginger, and turmeric— and perception of honey being a healthy sweetener."[5] This increase in demand falls in line with consumer surveys which indicate that 70% of Americans believe that "[h]oney is better for me than other sweeteners" and approximately 40% of them would be willing to increase their consumption of honey in 2024 because they "[b]elieve honey is healthier than other sweeteners" or "[i]t's natural sugar so it's better for you."[6] In fact, nearly 3 in 4 Americans are either attempting to limit or avoid consuming sugar altogether.[7] As such, they are willing to pay a higher price for cereals that are sweetened with healthier sugar-alternatives: such as honey.

11.     Among the food industry, cereals are ranked as the number one category of new honey-related product introductions in 2021.[8] Defendant's intent to capitalize on this trend by

---

[3] Honey National Board, *Honey Attitude & Usage Study* (October 2020) at 19, https://honey.com/images/files/Honey-Attitude-Usage-Study-2020.pdf (last accessed October 5, 2023).

[4] U.S. Department of Agriculture, Economic Research Service, *Sugar and Sweeteners Outlook: June 2022,* (June 16, 2022) at 13, https://www.ers.usda.gov/webdocs/outlooks/104129/sss-m-406.pdf?v=3296.2 (last accessed October 5, 2023).

[5] *Id.*

[6] Honey National Board, *Honey Attitude & Usage Study* (June 30, 2023) at 32-33, https://honey.com/images/files/2023-Consumer-AU-National-Honey-Board.pdf (last accessed October 5, 2023).

[7] International Food Information Council, *2022 Food & Health Survey* (May 18, 2022) at 9, https://foodinsight.org/2022-food-health-survey (last accessed October 5, 2023).

[8] Honey National Board, *Honey New Products Introductions* (October 2022) at 18, https://honey.com/images/default/New-Product-Introductions-Innova-2022.pdf (last accessed October 5, 2023).

introducing the Products is unmistakable. On its website, Defendant describes the motto of its "Moms Best Cereal" brand:[9]



12. As referenced above, Defendant has tactically developed a "better for you" aura of trust by reassuring parents that their cereals are a healthier alternative to other traditional cereals. As such, consumers rely on Defendant's brand due to its purported health properties; and are willing to pay additional money as a result. But Defendant does not deliver on those promises when it comes to the premium it commands from its purportedly honey-sweetened Products.

13. Specifically, Defendant conspicuously claims, among other health properties, that the cereals are "Made with real honey." Defendant reinforces this message on the "Honey Nut Toasty O's Cereal" both through the naming of the Product, and by including the following additional representation: "Naturally flavored *sweetened* whole grain oat cereal *with real honey*." (emphasis added). The "Honey Grahams Cereal" similarly alludes to the honey content

---

[9] https://www.momsbestcereals.com/about/ (last accessed October 5, 2023).

of the Product both by its name and its description as a "*Sweetened* whole grain wheat and corn cereal." (emphasis added). The inclusion of the word "Sweetened" juxtaposed with the "whole grain" statement gives rise to the reasonable impression that, like its whole grain content, the Product's primary sweetener is similarly a healthier substitute to regular sugar—*i.e.*, "real honey." The Products are depicted below, by way of illustration:



14. As displayed above, both of Defendant's Products are predominately sweetened with "Sugar," followed by "Molasses."[10] Despite promising the public that its "Mom's Best cereals" brand offered a healthier substitute to sugar through its "sweetened" cereals that are "Made with real honey," Defendant's Products are not exclusively, or at least predominately, sweetened with this healthier sugar alternative.

---

[10] The Honey Grahams Cereal also contains "Fructose and Dextrose."

15. The Food, Drug, and Cosmetic Act ("FDCA") provides that a food is misbranded if "its labeling is false or misleading in any particular." 21 U.S.C. § 343(a)(1). The Food and Drug Administration ("FDA") recognizes that the branding of food items, such as the ones at issue here, is misleading when it suggests one or more, but not all, of its key ingredients:

> "The labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." 21 C.F.R. § 101.18(b)

16. Furthermore, FDA regulations also require that a food product's name disclose the percentage of honey when honey is a "characterizing ingredient:"

> "The common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b).

17. Based on the FDA's regulatory framework, honey is a "characterizing ingredient" of the Products because the proportion of honey in the Products has a material bearing on its price and consumer perception, as explained in greater detail above. Furthermore, honey is also a "characterizing ingredient" of the Products because the labeling of the Product creates an erroneous impression that it is present in amounts greater than is actually the case.

18. Moreover, although the FDA permits labels to make either "direct or indirect representations with respect to the primary recognizable flavor(s)" under 21 C.F.R. § 101.22(i), here the Products are not "honey flavored." Instead, as the front label openly declares, they are

"Sweetened" and "Made with" honey. In fact, the "Honey Grahams Cereal" makes no reference, via vignette or otherwise, to any flavor—other than that it contains "No artificial flavors." *See* ¶¶ 2, 13. Similarly, the "Honey Nut Toasty O's Cereal" only claims to be "Naturally flavored, and its ingredient list discloses that its flavor is derived from "Natural Almond Flavor." *Id.* Although Plaintiff does not seek to enforce the FDA, Defendant's non-compliance illustrates its misconduct.

19. The global sale of healthy food products is estimated to be $4 trillion dollars and is forecasted to reach $7 trillion by 2025.[11] Based on the foregoing, consumers are willing to purchase and pay a premium for healthy and clean food items: like the deceptively advertised Products.

20. Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property as a result of Defendant's deceptive conduct.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). Specifically, the Classes are defined as:

22. **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Defendant's Products primarily for personal, family or household purposes, and not for resale.

23. **New York Subclass:** All persons residing in New York who, during the

---

[11] Global Wellness Institute, *The Global Wellness Economy Stands at $4.4 Trillion Amidst the Disruptions of COVID-19; Is Forecast to Reach $7 Trillion by 2025*, https://www.hospitalitynet.org/news/4108643.html (last accessed October 5, 2023).

maximum period of time permitted by the law, purchased Defendant's Products primarily for personal, family or household purposes, and not for resale.

24. The Classes do not include (1) Defendant, its officers, and/or its directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

25. Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

26. ***Community of Interest***: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

27. ***Numerosity***: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number in the millions. The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

28. ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

    (b)    Whether Defendant fraudulently induced Plaintiff and the members of the Classes into purchasing the Products;

    (c)    Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount thereof;

    (d)    Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

    (e)    Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

29.    ***Typicality:*** The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Defendant's false and misleading marketing, purchased Defendant's Products, and suffered a loss as a result of those purchases.

30.    ***Adequacy***: Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes because she has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel.

31.    Moreover, the proposed Classes can be maintained because they satisfy both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any questions affecting only individual members and that a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

    (a)    The expense and burden of individual litigation makes it economically unfeasible

for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b)     If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members of the Classes to seek to redress their claims other than through the procedure of a class action; and

(c)     Absent a class action, Defendant likely will retain the benefits of its wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
**Violation of State Consumer Protection Statues[12]**
**(On Behalf of Plaintiff and the Nationwide Class)**

32.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

---

[12] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.;  Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

33. The Consumer Protection Statutes of the Nationwide Class members prohibit the use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

34. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Products that they are "sweetened" and "Made with real honey." Despite those representations, however, the Products are neither exclusively, or at least predominately, sweetened with honey. Instead, the Products are predominately sweetened with "Sugar" and "Molasses."

35. The foregoing deceptive acts and practices were directed at consumers.

36. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

37. As a result of Defendant's deceptive practices, Plaintiff and the Nationwide Class members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

38. On behalf of herself and the Nationwide Class members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of New York G.B.L. § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

39. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

40. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

41. In its sale of Products throughout the state of New York, at all relevant times

herein, Defendant conducted business and trade within the meaning and intendment of New York's General Business Law § 349.

42. Plaintiff and the New York Subclass members are consumers who purchased the Products from Defendant for their personal use.

43. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Products that they are "sweetened" and "Made with real honey." Despite those representations, however, the Products are neither exclusively, or at least predominately, sweetened with honey. Instead, the Products are predominately sweetened with "Sugar" and "Molasses."

44. The foregoing deceptive acts and practices were directed at consumers.

45. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

46. As a result of Defendant's deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

47. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

### COUNT III
**Violation of New York G.B.L. §350**
**(On Behalf of Plaintiff and the New York Subclass)**

48. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

49. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

50. Defendant violated New York General Business Law § 350 by conspicuously representing on the packaging of the Products that they are "sweetened" and "Made with real honey." Despite those representations, however, the Products are neither exclusively, or at least predominately, sweetened with honey. Instead, the Products are predominately sweetened with "Sugar" and "Molasses."

51. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

52. Defendant's misrepresentations have resulted in consumer injury or harm to the public interest.

53. As a result of Defendant's false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

54. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: October 5, 2023                                          Respectfully submitted,

**GUCOVSCHI ROZENSHTEYN, PLLC**

By: /s/ Adrian Gucovschi
    Adrian Gucovschi, Esq.

Adrian Gucovschi
140 Broadway, Suite 4667
New York, NY 10005
Tel: (212) 884-4230
adrian@gr-firm.com

*Counsel for Plaintiff and the Classes*